UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE TAYLOR,<br><br>         Plaintiff,<br><br>   v.<br><br>PINNACLE CREDIT SERVICES, LLC,<br><br>         Defendant.<br>_____/ | No. C-10-05164 JCS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)  [Docket No. 7]** |

## I.  INTRODUCTION

Plaintiff alleges that a collection letter that was sent to her by Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788 *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.  Defendant brings a Motion to Dismiss First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("the Motion").  The parties have consented to the jurisdiction of a United States magistrate judge, pursuant to 28 U.S.C. § 636(c).  A hearing on the Motion was held on Friday, April 1, 2011 at 9:30 a.m.  For the reasons stated below, the Motion is GRANTED.

## II.  BACKGROUND

### A.  First Amended Complaint[1]

Plaintiff Marelene Taylor is a resident of Sebastopol, California.  First Amended Complaint ("FAC"), ¶ 3.  She alleges that she is a "consumer" as defined by the FDCPA and a "debtor," as

---

[1] The Court assumes the allegations in the complaint to be true for the purposes of this motion. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996)(on motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the facts alleged in the complaint are true).

defined under the Rosenthal Act. *Id*. Plaintiff further alleges that Defendant, Pinnacle Credit Services, LLC, "was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a 'debt,' as defined by 15 U.S.C. § 1692a(5), and a 'consumer debt,' as defined by Cal. Civ. Code § 1788.2(f)." *Id*., ¶ 4. According to Plaintiff, "Defendant regularly attempts to collect debts alleged to be due another, and therefore is a 'debt collector' as defined by the FDCPA . . . and [the Rosenthal Act]." *Id*.

Plaintiff alleges that "at various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt." *Id*., ¶ 5. In her First Amended Complaint, Plaintiff specifically identifies one such communication, a letter received by Plaintiff on June 28, 2010 ("the June 28 Letter"), which was not filed as an attachment to the original complaint or the First Amended Complaint . *Id.*, ¶ 6. In the First Amended Complaint, Plaintiff alleges as follows:

> 6. On or about June 28, 2010, Plaintiff received a letter regarding an alleged debt owed to Defendant. In that letter, Defendant is represented by an alleged attorney from New Jersey, who has no license in California. Plaintiff alleges that Defendant used an attorney's office in an attempt to intimidate and harass Plaintiff.
>
> 7. In the June 28, 2010 [letter], Defendant's counsel demanded payment in full because according to him, ' . . . you have had ample time to pay your creditor.'' Plaintiff received the letter via fax, and the fax cover sheet labels the letter '1st demand.' Plaintiff alleges that Defendant uses such language as a threat to Plaintiff.

*Id*., ¶¶ 6-7.

Based on these allegations, Plaintiff asserts claims under the FDCPA and the Rosenthal Act, asserting that Defendants have violated these statutes in "multiple ways," including but not limited to:

a) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§ 1692e(5));

b) Falsely representing that an individual is an attorney (§ 1692e(3));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

2

<table>
<tr><td>d)</td><td>Engaging in conduct the natural consequences of which is to harass, oppress, or abuse Plaintiff (§ 1692d);</td></tr>
<tr><td>e)</td><td>In connection with collection of a debt, using language the natural consequences of which was to abuse Plaintiff (§ 1692d(2));</td></tr>
<tr><td>f)</td><td>Using false, deceptive, or misleading representations or means in connection with collection of a debt (§ 1692e));</td></tr>
<tr><td>g)</td><td>Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4));</td></tr>
<tr><td>h)</td><td>Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff (§ 1692e(7));</td></tr>
<tr><td>i)</td><td>Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);</td></tr>
<tr><td>j)</td><td>Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code § 1788.10(e));</td></tr>
<tr><td>k)</td><td>Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal Civ Code § 1788.10(f)); and</td></tr>
<tr><td>l)</td><td>Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code § 1788.13(j)).</td></tr>
</table>

*Id*., ¶ 8 (cited verbatim, including punctuation and citations).  Plaintiff requests declaratory judgment, actual and statutory damages, and attorneys' fees and costs under both the FDCPA and the Rosenthal Act.  *Id*. at 5-6.

**B.    The Motion to Dismiss**

In the Motion, Defendant asserts that Plaintiff's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the "sparse factual allegations" in the First Amended Complaint do not constitute a violation of any federal or state debt collection law and therefore, do not satisfy the requirements of *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Memorandum of Points and Authorities at 2.  In addition, to the extent that Plaintiff's claims are based on the June 28 Letter, Defendant argues, these claims fail because it is not a violation of state or federal law to use an attorney who is not licensed in California for purposes of

3

**United States District Court**
For the Northern District of California

1   debt collection in California, and the First Amended Complaint does not allege any specific facts

2   suggesting that the June 28 Letter: 1) threatens litigation; 2) is threatening, abusive or harassing; or

3   3) contains any kind of misrepresentation. *Id*. at 2-3.[2] In support of its positions, Defendant cites,

4   *inter alia*, *Depuy v. Weltman*, 442 F. Supp. 2d 822, 826 (N.D. Cal. 2006) ("[t]he use of law firm

5   letterhead has been found insufficient by itself to imply a threat of litigation"), and *Greco v.*

6   *Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (2d Cir. 1993) (holding that collection letter on

7   law firm letterhead did not misrepresent nature of attorney involvement where letter included a

8   "clear disclaimer" of attorney involvement stating that "[a]t this time, no attorney with this firm has

9   personally reviewed the particular circumstances of your account").

10   In her Opposition, Plaintiff argues that her claims are sufficiently pled, for the purposes of

11   surviving a Rule 12(b)(6) motion, because she has complied with the requirements of Rule 8(a)(2) of

12   the Federal Rules of Civil Procedure, requiring only a "short and plain statement of the claim

13   showing that the pleader is entitled to relief." Opposition at 2. Because Defendant clearly

14   understands the nature of Plaintiff's claims, Plaintiff asserts, this standard has been satisfied and

15   Defendant's motion is, at best, premature. *Id*. at 3-4. Plaintiff further asserts that the language used

16   in the June 28 Letter is sufficient to show a threat of litigation, citing a case decided by Magistrate

17   Judge Zimmerman, of this Court, in which the plaintiff prevailed on summary judgment in an

18   FDCPA case involving a letter that Plaintiff asserts is similar to the June 28 Letter. *Id*. at 5 (citing

19   *Celeste Robertson v. Richard J. Boudreau & Assocs., LLC*, 2009 WL 5108479 (N.D. Cal. Dec. 18,

20   2009) ("*Robertson*")). In that case, Plaintiff notes, the court distinguished *Greco* on the basis that

21   the language in the collection letter deceptively implied attorney involvement, notwithstanding a

22   disclaimer that no attorney had reviewed the recipient's account, by including statements that

23   overshadowed the disclaimer, such as a statement that the law firm had been "retained," implying

24   that the attorneys had been hired to initiate litigation even though they were not licensed in

25

26   [2] In their papers, the parties rely entirely upon authority addressing claims under the FDCPA.
    At oral argument, the parties stipulated that the result under the Rosenthal Act is the same as the result
27   under the FDCPA for the purposes of the instant motion.

28
                                                      4

California and therefore could not commence litigation against the recipient. *Id*. at 6. Even if the Court concludes that Plaintiff's claims are insufficiently pled, Plaintiff asserts, Plaintiff should be granted leave to amend her claims.

Concurrent with her Opposition brief, Plaintiff filed a request that the Court take judicial notice of the June 28 Letter and the *Roberston* decision cited above. The June 28 Letter is on letterhead stationary listing "Laurence A. Heckler, Attorney at Law" at the top center, along with an address, fax number and toll-free telephone number. Plaintiff's Request for Judicial Notice, Ex. B. On the top left-hand side of the letter are the words "Member of NJ Bar." *Id*. The subject heading lists: 1) the creditor, Pinacle Credit Services, LLC; 2) the original creditor, Citibank South Dakota NA; 3) the original account number; and 4) the amount due. *Id*. The letter states as follows:

Dear Marlene S Taylor

This office represents the above named client, PINNACLE CREDIT SERVICES, LLC, who has placed the above-styled matter for collection. This is a demand for full payment because you have had ample time to pay your creditor. Sometimes we can arrange installment payments but you must contact this office for arrangements. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. Please issue payment to APM Financial.

**NOTICE OF IMPORTANT RIGHTS**

**UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS** AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR **ANY PORTION THEREOF, WE WILL ASSUME THE DEBT TO BE VALID. IF YOU THE CONSUMER NOTIFY US IN WRITING, WITHIN THE THIRTY DAY VALIDATION PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU, THE CONSUMER, AND A COPY OF SUCH VERIFICATION WILL BE MAILED TO YOU BY OUR OFFICE, UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY DAY VALIDATION PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR**.

Please contact our office at 1-800-355-0123

The Law Offices of Lawrence A. Hecker

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**FOR CALIFORNIA RESIDENTS ONLY:** "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not

> tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

*Id*.

In its Reply brief, Defendant rejects Plaintiff's argument that her conclusory allegations that Defendant violated the FDCPA are sufficient to survive a motion to dismiss in light of the standard set forth in *Twombley*. In addition, Defendant argues that *Robertson* is not on point because the defendants in that case had sent three letters to the plaintiff (whereas Plaintiff in this action alleges that only one letter was sent to her) and the letter in that case not only referred to "retaining" the attorneys but also contained language expressly referring to litigation, such as "valid legal defense," "cost of litigation," and "non-litigious resolution." Defendant notes that the court in *Robertson* distinguished *Greco* but implicitly approved the holding of that case, which Defendant asserts is directly on point. Defendant further asserts that *Greco* has been followed by a number of district courts in California, including most recently in *Walsh v. Frederick J. Hanna & Associates*, 2010 WL 5394624 (E.D. Cal., December 21, 2010). Defendant requests judicial notice of the *Walsh* order. Finally, Defendant argues that Plaintiff should not be given leave to amend because nothing in Plaintiff's Opposition suggests that there are additional facts that could be alleged to state a claim.

**III.   ANALYSIS**

**A.   Legal Standard**

**1.   Rule 12(b)(6)**

A complaint may be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Incl v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotations omitted; emphasis in original). For purposes of resolving a Rule 12(b)(6) motion, courts accept all

6

allegations of material fact as true and construe the complaint in the light most favorable to the nonmoving party. *Nat'l Wildlife Fed'n v. Espy*, 4 F.3d 1337, 1380 (9th Cir. 1995).

Under Rule 12(b)(6), if "matters outside the pleading are presented to and not excluded by the court, the [12(b)(6) ] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b). Under the "incorporation by reference" rule, however, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).[3]

### B. Legal Standards Governing FDCPA

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To accomplish this goal, the FDCPA prohibits debt collectors from "using any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see also* 15 U.S.C. § 1692e(10)(prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"). In addition to this general prohibition, § 1692e prohibits specific types of conduct that are deemed to be false, deceptive or misleading, including "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney," 15 U.S.C. § 1692e(3), or "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). In

---

[3] Because the Court is permitted to consider the June 28 Letter under *Branch v. Tunnell* and may consider the district court decisions cited by the parties without taking judicial notice of them, the Court need not rule on the parties' requests for judicial notice.

7

considering whether a statement in a debt collection letter violates these prohibitions, courts apply the "least sophisticated debtor standard." *Depuy v. Weltman, Wienberg & Reis Co*., 442 F. Supp. 2d at 824 (citing *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996)). "Under that standard, if the court finds the least sophisticated debtor 'would likely be misled' by a debt collection letter, the court 'must hold the [defendant] has violated the [FDCPA].'" *Id*. (quoting *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988)).

### C. Whether the Motion is Premature

Plaintiff argues that Defendant's Motion is premature because the question of whether the June 28 Letter violates the FDCPA is more appropriately resolved at the summary judgment stage of the case. On a Rule 12(b)(6) motion, Plaintiff asserts, it is enough that Plaintiff has put Defendant on notice as to the nature of the asserted claims. Plaintiff is incorrect.

First, in the Ninth Circuit, the question of whether the language of a debt collection letter satisfies the requirements of the FDCPA generally is a question of law. *See Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997). As such, district courts in the Ninth Circuit routinely address on Rule 12(b)(6) motions the question of whether language in a collection letter violates the FDCPA. *See, e.g.*, *Walsh v. Frederick J. Hanna & Associates*, 2010 WL 5394624 (E.D. Cal., December 21, 2010) (addressing sufficiency of debt collection letter under FDCPA on rule 12(b)(6) motion); *Dunn v. McGavic*, 653 F. Supp. 2d 1109 (D. Or. 2009) (same); *Depuy v. Weltman, Wienberg & Reis Co*., 442 F. Supp. 2d 822 (N.D. Cal. 2006) (same).

The fact that district courts sometimes resolve this question at the summary judgment stage of the case, as Judge Zimmerman did in *Robertson*, does not mean that courts are *precluded* from resolving the question on a Rule 12(b)(6) motion where there are no outstanding issues of fact to be resolved. Further, whether an FDCPA claim involves a factual inquiry may depend on the specific claim that is asserted. For example, where a collection letter would be found under the least sophisticated debtor standard to convey attorney involvement in the matter (a question that is decided as a matter of law), resolution of a claim based on the allegation that the letter *falsely* represents the degree of attorney involvement may turn on the factual question of whether an

8

attorney did, in fact, review the facts of the debtor's case before the letter was sent. *See Depuy*, 442 F. Supp. 2d at 825. Thus, in *Depuy*, the court denied the defendant's request for dismissal on a Rule 12(b)(6) motion of a claim for false representation of attorney involvement relating to a collection letter but granted the motion as to a claim based on the allegation that the letter threatened litigation.

Second, under *Twombley*, mere conclusory allegations that a defendant has violated the FDCPA are not sufficient to survive a Rule 12(b)(6) motion. In *Twombley*, the Court explained the threshold a plaintiff must meet to survive a Rule 12(b)(6) motion as follows:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," . . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . .on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact) . . . .

550 U.S. 544, 555 (2007)(citations omitted). Here, the only factual allegations that might raise a right to relief above the speculative level concern the June 28 Letter. That letter was referenced in the First Amended Complaint and may be considered by the Court. *See Branch v. Tunnell*, 14 F.3d at 454. Therefore, the Court may address the question of whether the June 28 Letter violates the FDCPA or the Rosenthal Act at this stage of the case.

**D.     Whether Plaintiff States a Claim Under the FDCPA**

Plaintiff cites to numerous provisions of the FDCPA (as well as the corresponding provisions of the Rosenthal Act), but the only specific facts she alleges relate to the June 28 Letter, which she asserts violated the FDCPA because: 1) it contained a false representation of attorney involvement, in violation of 15 U.S.C. §§ 1692e(3) & (10); and 2) it contained a threat of action that was not intended and/or could not legally be taken, in violation of § 1692e(5). To the extent Plaintiff's claims are based on any other theories or provisions of the FDCPA, those claims are dismissed with prejudice because Plaintiff has not included any factual allegations supporting such claims and has not suggested in her Opposition brief that she can do so. The question for the Court, then, is

9

whether the June 28 Letter violates the FDCPA because it contains a false representation of attorney involvement or a threat of litigation that is not intended of cannot legally be taken.[4]

### 1.  False Representation of Attorney Involvement

The FDCPA prohibits collection letters that "appear to be sent by an attorney without the attorney's having both reviewed the debtor's file and gained some knowledge about the specific debt." *Irwin v. Mascott*, 112 F. Supp. 2d 937, 949 (N.D. Cal. 2000) (citing *Newman v. Checkrite*, 912 F. Supp. 1354, 1382 (E.D. Cal. 1995)). Thus, "[i]f the attorney did not first conduct an individual review of the debtor's case, or if the attorney did not determine if a particular letter should be sent, or if the attorney did not know the identity of the person to whom the letter was sent, the communication is false and misleading under § 1692e(3)." *Id*. The Second Circuit has held that the use of an attorney's letterhead and signature on a collection letter is "sufficient to give the least sophisticated consumer the impression that the letters [are] communications from an attorney." *Depuy*, 442 F. Supp. 2d at 825 (citing *Clomon v. Jackson*, 988 F.2d 1314, 1320-21 (2d Cir. 1993)). In *Cloman*, the court explained:

> It is apparent that mass mailing may sometimes be the only feasible means of contacting a large number of delinquent debtors, particularly when many of those debtors owe relatively small sums. But it is also true that the FDCPA sets boundaries within which debt collectors must operate. No mass mailing technique is permissible – regardless of how effective it might be – if that technique constitutes a false, deceptive, or misleading communication. As we have found here, the use of an attorney's signature on a collection letter implies that the letter is "from" the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent. We have also found here that the use of an attorney's signature implies – at least in the absence of language to the contrary – that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent. In a mass mailing, these implications are frequently false: the attorney whose signature is used might play no role either in sending the letters or in determining who should receive them. For this reason, there will be few, if any, cases in which a mass-produced collection letter bearing the facsimile of an attorney's signature will comply with the restrictions imposed by § 1692e.

988 F.2d at 1321.

A collection letter from an attorney that contains a disclaimer, however, may not violate the FDCPA if the least sophisticated consumer, reading the letter, would understand that the attorney

---

[4]Defendant does not dispute that it is a "debt collector" for the purposes of the FDCPA or the Rosenthal Act.

10

had not reviewed the facts of his or her case. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir. 2005). In *Greco*, the Second Circuit held as a matter of law that a collection letter was not deceptive or misleading, even though it was printed on law firm stationary and signed by a law firm, because it contained a disclaimer stating that "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account." *Id*. at 363. The court reasoned as follows:

> [The plaintiff's] claim rests on a misunderstanding of the FDCPA's requirements, and of our prior explications of that statute. One cannot, consistent with FDCPA, mislead the debtor regarding meaningful "attorney" involvement in the debt collection process. But it does not follow that attorneys may participate in this process only by providing actual legal services. In fact, attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is not misleading. Put another way, our prior precedents demonstrate that an attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process, so long as that letter includes disclaimers that should make clear even to the "least sophisticated consumer" that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney.
>
> In . . *Clomon*, we established that a letter sent on law firm letterhead, standing alone, does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is, therefore, misleading within the meaning of the FDCPA. But of course, the implied level of attorney involvement is just that – implied. The letter's representation to the debtor is a consequence of the letter's content and presentation. And so, in these cases, we observed that a properly constructed letter with different presentation or content might connote far less actual attorney involvement, thereby satisfying the FDCPA's requirements.

*Id*.

While the Ninth Circuit has not addressed the question of when a collection letter signed by an attorney may be misleading, many district courts within the Ninth Circuit have followed or implicitly approved the approach taken by the Second Circuit in *Clomon* and *Greco*. *See, e.g., Walsh v. Frederick J. Hanna & Associates, P.C.,* 2010 WL 5394624 (E.D. Cal., December 21, 2010) (dismissing on a Rule 12(b)(6) motion FDCPA claim based on alleged false representation of attorney involvement where collection letter, though printed on attorney letterhead, contained disclaimer stating that attorney had not reviewed the matter, because least sophisticate consumer would have understood that attorney had not reviewed the specific facts of the case, citing *Greco* and *Cloman*); *Depuy*, 442 F. Supp. 2d at 825 (denying motion under Rule 12(b)(6) to dismiss

11

FDCPA claim based on alleged false representation of attorney involvement where letter was on law firm letterhead and did not contain disclaimer stating that attorney had not reviewed the matter, citing *Greco* and *Cloman*).

In *Robertson*, upon which Plaintiff relies, Judge Zimmerman distinguished *Greco*, finding that the three collection letters that were sent by the defendant in that case were factually distinguishable from the letter in *Greco*:

> I find that all three of the letters deceptively imply attorney involvement. Each letter is printed on defendant's letterhead, which states "Attorneys at Law" and is signed "Richard J. Boudreau & Associates, LLC." Although using attorney letterhead alone may not violate the FDCPA, the legal language in each letter crosses the line. The first letter opens with "This law firm has been retained" (emphasis added) which is language that suggests that it is from an attorney hired to do legal work. The first and second letters also state that the law firm's "review will determine whether there is a valid legal dispute regarding the debt ...." (Emphasis added). The third letter contains language such as "valid legal defense," "cost of litigation," and "non-litigious resolution."
>
> The disclaimer in the middle of each letter that "no attorney with this firm has personally reviewed the particular circumstances of your account" is contradicted and overshadowed by the rest of the language in each letter, which would suggest to the least sophisticated consumer that the letter was from an attorney. Defendant's reliance on the words "amicable, voluntary resolution" is inadequate in light of each of the phrases quoted above that imply impending legal action. The only amicable resolution mentioned in the letter is payment of the amount demanded. The least sophisticated consumer could well assume that if she doesn't pay that amount, she will be sued.
>
> Defendant's reliance on *Greco* is unpersuasive. . . . . In that case, the Second Circuit held that an unsigned dunning letter printed on attorney letterhead was in compliance with the FDCPA. First, *Greco* is not controlling in this jurisdiction. More importantly, the brief *Greco* letter does not contain any of the threatening language in defendant's letters and appended a statement of the debtor's rights that fairly tracked the FDCPA. The *Greco* letter does not use language like "litigation" or "any valid legal defense" or any of the inconsistent language this letter contains, as discussed below. Finally, in *Greco*, the defendant sent only one letter, whereas in this case defendant sent three successive letters to plaintiff.

2009 WL 5108479, at *2-3 (N.D. Cal.,Dec. 18, 2009).  Judge Zimmerman concluded that the letters in *Robertson* were more like the collection letter in *Dunn v. Derrick E. McGavic, P.C.*, 653 F. Supp.2d 1109 (D.Or., 2009).  *Id.* at *3.

In *Dunn* a collection letter sent to the debtor was signed by an attorney but contained a disclaimer that no attorney had reviewed the circumstances of the debtor's account, as well as a validation notice tracking the FDCPA informing the debtor that he had 30 days to challenge the

12

underlying debt. 653 F.Supp.2d at 1111. Nonetheless, the court found that other statements in the letter overshadowed the disclaimer. *Id*. The court stated as follows:

> The *Greco* letter is simple, the body of which is comprised of only five brief, straightforward sentences. . . . McGavic's letter is far more convoluted. It begins with a notice of the balance due and proceeds with an exhaustive list of factors which may alter this amount. . . .
>
> Two paragraphs later McGavic discloses "[a]s of this date, no attorney with Derrick E. McGavic, P.C. has personally reviewed the particular circumstances of your account. However, if you do not communicate with this office, the firm's client, Capital One Bank (USA), N.A., may consider judicial remedies to recover the claim from you."
>
> The possibility of "judicial remedies" arises throughout the letter. McGavic not only uses his law firm's name in the letterhead and signature line, but also refers to the balance due as a "claim" rather than a debt. Further, Dunn is forewarned of possible court costs and/or attorney fees, encouraged to communicate with the law firm for a "helpful and amicable resolution of this claim," and threatened with an immediate lawsuit at the creditor's instruction.
>
> Regardless of McGavic's relatively obscure disclaimer, the least sophisticated consumer would likely infer from the letter's overall threat of legal action that McGavic's firm was prepared to bring action against him at any time.

*Id*. at 1114-1115.

In determining whether Plaintiff's claim in this action based on alleged misrepresentation of attorney involvement should be dismissed, the Court looks to the cases discussed above, including *Clomon* and *Greco*. The question before the Court is whether the June 28 Letter is more like the letters in *Dunn* and *Robertson*, on the one hand, or like the letters in *Greco* and *Walsh*, on the other. The letters in all of these cases were signed by attorneys and included disclaimers stating that attorneys had not reviewed the particular circumstances of the debt, but the former included additional statements and language that overshadowed the disclaimer by suggesting that an attorney had, in fact, reviewed the specific facts of the case and was acting as an attorney rather than merely as a debt collector.

The Court concludes that the least sophisticated debtor, reading the letter sent by Defendant in this case, would understand that the attorney who signed the letter had not reviewed the specific facts of the case. The letter is short and straightforward, like the letter in *Greco*, and it does not refer to "claims" or "litigation," or use any other language that suggests impending litigation. It also

13

includes a standard FDCPA validation notice that accurately sets forth the debtor's right to challenge the underlying debt. Nor does the Court find that the statement in the June 28 Letter that Hecker "represents" Defendant is sufficient to overshadow the letter's disclaimer; although Judge Zimmerman relied, in part, on the statement in the collection letters in *Robertson* that "[t]his law firm has been retained" in support of his conclusion that the letters deceptively implied attorney involvement, the facts of that case were distinguishable because the letters (there were three rather than just the one letter at issue here) contained other language suggesting "impending legal action." 2009 WL 5108479, at *2, (N.D. Cal.,Dec. 18, 2009).

The Court concludes that Plaintiff fails to state a claim under 15 U.S.C. §§ 1692e(3) and (10) based on the alleged misrepresentation of attorney involvement in the June 28 Letter.

### 2. Threat of Litigation

A collection letter violates 15 U.S.C. § 1692e(5) where the letter threatens legal action that either could not legally be taken or was not intended by the debt collector at the time the letter was sent. *See Irwin*, 112 F.Supp.2d at 950 (quoting *Newman v. Checkrite*, 912 F.Supp. 1354, 1379 (E.D.Cal.1995)). "Language of a debt collection letter can constitute a threat when it 'create(s) the impression that legal action by defendant is a real possibility.'" *Robertson*, 2009 WL 5108479, at * 3 (citing *Baker v. G.C. Services Corp.*, 677 F.2d 775, 779 (9th Cir.1982)). The threat may be implied rather than explicit. *See Kreek v. Phycom Corp.*, 2007 WL 1229315 at *4 (N.D.Cal. April 25, 2007) (holding that letter threatened legal action based on statement that "if you do not telephone, the Physician will consider using a collection agency or civil action to pursue the debt"); *see also Palmer v. Stassinos*, 348 F.Supp.2d 1070, 1085 (N.D.Cal. 2004) (holding that letter threatened legal action based on statement that "[f]ailure [to remit payment in full] ... may necessitate using other remedies to collect").

Here, Defendant does not dispute that the attorney who signed the June 28 Letter is not licensed to practice in California. Therefore, the question of whether Plaintiff states a claim under § 1692e(5) turns on whether the June 28 Letter threatens litigation. The Court finds that it does not. Although the letter states that Hecker "represents" Pinnacle Credit Services, the disclaimer is clear

14

that no attorney had reviewed the circumstances of Plaintiff's debt, and the FDCPA validation notion that follows also makes clear that Plaintiff had thirty days to dispute the debt. Further, in contrast to the letters in *Roberston* and *Dunn*, the June 28 Letter does not use language that the least sophisticated debtor would infer threatened litigation.

The Court concludes that Plaintiff fails to state a claim under 15 U.S.C. § 1692e(5) based on the alleged threat of litigation in the June 28 Letter.

**IV.   CONCLUSION**

For the reasons stated above, the Motion is GRANTED. The Court denies Plaintiff's request for leave to amend because Plaintiff has offered no facts suggesting that she can state a claim under the FDCPA or the Rosenthal Act and therefore, amendment would be futile. Accordingly, Plaintiff's complaint is dismissed with prejudice. The Clerk is directed to close the file in this case.

IT IS SO ORDERED.

Dated: April 4, 2011

JOSEPH C. SPERO
United States Magistrate Judge

15